THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD SAUNDERS, Defendant-Appellant.

First District (3rd Division)   No. 77-1778

Opinion filed September 27, 1978.

Ralph Ruebner and Martin Carlson, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Linda Dale Woloshin, and Thomas Bucaro, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

On March 12, 1975, defendant Donald Saunders entered an admission to having possessed a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(b)) on June 6, 1974, and he was sentenced to a term of 4 years probation. (Ill. Rev. Stat. 1975, ch. 56½, par. 1410.) The factual basis for the guilty plea was that defendant had sold two tinfoil packets, containing .40 grams of heroin to a law-enforcement officer. A petition charging violation of probation was filed, and it was established at the subsequent hearing upon that petition, that defendant had been found guilty of the crimes of attempt theft and battery while he was on probation. Accordingly, the court revoked defendant's probation and sentenced him to a term of 1 to 3 years, with no credit for good time on probation.

The issue presented for review is whether defendant is entitled to credit for time successfully served on probation against the sentence imposed, even though he was placed on probation according to the terms of section 410 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1410) rather than under the standard provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, pars. 1005—5—3 et seq.). Defendant contends he is entitled to have the time he successfully served on probation credited against the sentence imposed following revocation of his probation.

When the initial offense was committed on June 6, 1974, section 5—6—4(h) of the Unified Code of Corrections provided that time served on probation was required to be credited against any sentence of imprisonment imposed following the revocation of a defendant's probation. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h).) However, effective

July 1, 1974, this provision was amended to grant the trial court discretion to deny credit for the time served. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(h).) Where a crime was committed prior to the effective date of the amendment, a defendant is entitled to the sentencing provision in effect when the crime was committed. (*People v. Bailey* (1978), 56 Ill. App. 3d 213, 216, 371 N.E.2d 1266; *People v. Bowling* (1976), 43 Ill. App. 3d 932, 357 N.E.2d 724.) Thus, defendant was entitled to be credited for time spent on probation, and the trial court had no discretion to deny such credit for time served.

However, the State contends here that the nature of probation under the Unified Code of Corrections is different than under the Controlled Substances Act. Section 410 of that act provides:

> "Whenever any person who has not previously been convicted under any law of the United States or of any State relating to controlled substances, pleads guilty to or is found guilty of possession of a controlled substance under Section 402(b), the court, without entering a judgment of conviction and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions which may include treatment or rehabilitation approved by the Department of Mental Health and Developmental Disabilities. Upon violation of a term or condition, the court may enter a judgment of conviction and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this Section is not a conviction for purposes of this Act or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. There may be only one discharge and dismissal under this Section with respect to any person." Ill. Rev. Stat. 1975, ch. 56½, par. 1410.

Thus, the State argues that because no conviction may result under this section until after a probation has been revoked, and because the violation of probation which resulted in defendant's conviction in this case occurred after the effective date of the amendment to section 5—6—4(h) of the Unified Code of Corrections, the court was entitled to exercise its discretion in denying credit for time served on probation. In presenting this argument, the State relies on *People v. DuMontelle* (1978), 71 Ill. 2d 157, 374 N.E.2d 205. In that case the supreme court construed section 10 of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 710), which contains language paralleling that of section 410 of the Controlled Substances Act. The court held that the operative scheme of section 10 did not apply to probation under the Unified Code of Corrections because under the Cannabis Control Act no conviction or factual determination of guilt is made while defendant is on probation.

We disagree with the State's contention. First, the *DuMontelle* court's holding is not helpful here because it was only directed to the portions of section 10 dealing with a defendant who did not violate probation rather than, as here, to a defendant who violated probation. Second, the State's argument ignores the portion of sections 10 and 410 of the respective Acts which provide that upon violation of probation "the court may enter a judgment of conviction and proceed *as otherwise provided.*" (Emphasis added.) That language can mean only that the court should act in accordance with the sentencing provisions in the Unified Code of Corrections, including section 5—6—4(h). Thus, even though the judgment of defendant's conviction here was formally entered after the finding of his violation of probation, the relevant date of that judgment was the date of the offense for which defendant was placed on probation. And, for sentencing purposes, the date of the offense and not the date of the conviction, is controlling. (*People v. Bailey; People v. Bowling.*) Finally, we note that in *People v. Goetz* (1975), 27 Ill. App. 3d 680, 682, 327 N.E.2d 516, the court rejected a contention similar to that made by the State in this case, holding that "the Unified Code provisions in regard to resentencing after revocation of probation are clearly applicable to section 410 of the Controlled Substances Act." We therefore conclude that defendant should have been credited with the time he was on probation prior to the institution of revocation proceedings.

Accordingly, that portion of the judgment revoking defendant's probation is affirmed; the cause is remanded to the trial court with directions to issue a *mittimus* which reflects credit for time successfully served on probation by defendant.

Affirmed and remanded.

JIGANTI, P. J., and McGILLICUDDY, J., concur.