THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL PETTY, Defendant-Appellant.
Third District   No. 3—86—0499

Opinion filed August 25, 1987.—Rehearing denied October 7, 1987.

208

Thomas A. Lillien, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (William L. Browers and Dale M. Wood, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Defendant was charged with murder for the manual strangling of his wife. The jury convicted the defendant of voluntary manslaughter (Ill. Rev. Stat. 1985, ch. 38, par. 9—2(a)) and he was sentenced to 10 years' imprisonment. He appeals his conviction and sentence. We affirm.

Teresa Petty was admitted to an Ottawa, Illinois, hospital in a comatose state on July 29, 1985. She died six days later due to brain death resulting from an anoxic brain injury. Her husband, Michael Petty, told hospital personnel and relatives of the victim that his wife "stopped breathing," or "fell over a chair." However, bruises formed around the neck of the victim shortly after her admission to the hospital, and hospital authorities alerted the police of their suspicions.

Initially, Petty told police that the victim fell over a chair. Later, he admitted to grabbing the victim around the throat until she went slack after she had verbally abused him about sexual problems and swung at him. On August 13, 1985, Petty was indicted for one count of murder. At the close of evidence at the trial, the trial court conducted an instructions conference. The court decided to instruct the jury on the offenses of murder, voluntary manslaughter and involuntary man-

slaughter. The instructions on voluntary manslaughter were given over the defendant's objection that there was no evidence of serious provocation. The jury returned a guilty verdict for voluntary manslaughter and not guilty verdicts for murder and involuntary manslaughter.

■■■ Initially, on appeal, the defendant asserts that the trial court erroneously instructed the jury on voluntary manslaughter. We disagree with the defendant. It is well settled that if there is evidence in the record which, if believed by the jury, would reduce a charge of murder to manslaughter, the manslaughter instruction must be given. (*People v. Coleman* (1984), 124 Ill. App. 3d 285, 464 N.E.2d 706.) Very slight evidence upon a given theory of a case will justify the giving of an instruction. (*People v. Dordies* (1978), 60 Ill. App. 3d 621, 377 N.E.2d 245.) In a murder trial, a defendant may properly be found guilty of the lesser offense of manslaughter, but only if the evidence adduced at trial establishes the necessary elements of the offense. (*People v. Thompson* (1973), 11 Ill. App. 3d 752, 297 N.E.2d 592.) The general rule in Illinois is that the only categories of provocation which are considered sufficiently serious to reduce the crime of murder to voluntary manslaughter are substantial physical injury or assault, mutual quarrel or combat, illegal arrest, and adultery with the offender's spouse. (*People v. Fausz* (1983), 95 Ill. 2d 535, 449 N.E.2d 78; *People v. Strong* (1979), 79 Ill. App. 3d 17, 398 N.E.2d 216; *People v. Hammock* (1979), 68 Ill. App. 3d 34, 385 N.E.2d 796.) Mere words, however aggravated, abusive, opprobrious or indecent, are not sufficient provocation. *People v. Neal* (1983), 112 Ill. App. 3d 964, 446 N.E.2d 270; *People v. Matthews* (1974), 21 Ill. App. 3d 249, 314 N.E.2d 15, *appeal denied* (1974), 57 Ill. 2d 605.

■■ ■ In the instant case there was sufficient evidence presented to the jury from which they might conclude that defendant's actions resulted from a mutual quarrel. The defendant testified that the victim verbally abused and swung at him. He did not remember how long he grabbed her or how forcefully he held her. Her body had several bruises on it in addition to the bruises on her neck. The defendant had a swollen hand with scratches on it. These injuries are evidence of a mutual struggle. (See *People v. Leonard* (1980), 83 Ill. 2d 411, 415 N.E.2d 358.) It is well established that the trier of fact is not bound to believe testimony of the defendant as against the State in such a case. It must also be noted that the defendant initially made false exculpatory remarks claiming that the victim had fallen over a chair; later he admitted to grabbing her throat to keep her at bay. His inconsistent statements regarding the events leading to the victim's condition tend to undermine the credibility of his later testimony. A reviewing court

may not substitute its judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of the witnesses, and this court will not reverse a criminal conviction unless the evidence is so improbable as to raise a reasonable doubt of guilt. See *People v. Stringer* (1972), 52 Ill. 2d 564, 289 N.E.2d 631.

Next the defendant asserts that, in light of the evidence that the victim was extremely intoxicated, the evidence failed to establish beyond a reasonable doubt that he knew his act of putting his hand on her throat created a strong probability of either death or great bodily harm.

A defendant must act with one of the mental states requisite to a murder charge under sections 9—1(a)(1) and (2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 9—(1)(a)(1), (a)(2)) in order to be convicted of voluntary manslaughter. Whether the particular acts of the defendant create a "strong probability" of death or great bodily harm is a question of fact to be decided under all the circumstances as presented to the trier of fact. The State is not required to introduce direct evidence of a conscious intent to kill in order to prove voluntary manslaughter where the probable natural consequences of the defendant's act would be to destroy life. The necessary criminal intent may be implied from the character of the act. (See *People v. Robertson* (1975), 34 Ill. App. 3d 762, 340 N.E.2d 213.) The medical evidence in the instant case overwhelmingly indicated that the victim was strangled.

The defendant's third argument concerns an out-of-court statement made to the police by the victim's daughter. She said on the night of her mother's death she heard a crash before she arose to find her mother and the defendant. The defendant argues that he preserved for review his argument that he was denied a fair trial when he was barred from questioning the daughter about the statement which, according to the defendant, corroborated his version of the events. The defendant filed a motion subsequent to his notice of appeal in order to amend the record to include the transcripts of the tape-recorded statement made to police. Pursuant to Supreme Court Rule 329 (87 Ill. 2d R. 329) we grant the motion. Rule 329 is a very broad provision whose object is to allow the record on appeal to be amended to correct inaccuracies, supply omissions, correct improper authentication, and settle controversies as to whether the record on appeal accurately discloses what occurred at trial. It is designed to facilitate the amendment of the record on appeal. *People v. Chitwood* (1977), 67 Ill. 2d 443, 367 N.E.2d 1331.

After a review of the record on this matter, we find that

the prior statement was not admissible to impeach the witness, nor was it admissible as substantive evidence. Generally, a prior inconsistent statement by a witness is a recognized basis for impeachment. (*People v. Henry* (1970), 47 Ill. 2d 312, 265 N.E.2d 876.) In the instant case, however, we find the witness' prior statement was consistent with her testimony at trial. The victim's daughter never directly and unambiguously acknowledged that she heard a crash. The daughter's prior statement to the police was in response to leading questions; it was not clearly evident that she acknowledged hearing a crash. The trial judge specifically found that the police posed three questions to the daughter to which she responded affirmatively. It was not certain whether her response was to the question about the crash. The trial judge, in the exercise of his discretion, properly found that no prior inconsistent statement existed. Furthermore, since the daughter did not acknowledge under oath at trial that she had made the prior statement and since the tape recording of her statement was not in existence at the time of trial, her prior statement was substantially inadmissible at trial. Ill. Rev. Stat. 1985, ch. 38, par. 115—10.1.

Next, the defendant asserts that he was denied a fair trial by individual and cumulative instances of prosecutorial misconduct. The defendant alleges that the prosecutor badgered the defendant, asserted prejudicial insinuations, made use of misleading demonstrative evidence in indicating how the defendant had earlier demonstrated how he held the victim's neck, and engaged in an inflammatory appeal in closing argument.

A review of the record indicates these allegations are without merit. The scope of cross-examination of a defendant is left to the sound discretion of the trial judge. (*People v. Burris* (1971), 49 Ill. 2d 98, 273 N.E.2d 605.) The trial judge sustained the defendant's objection and struck the testimony which demonstrated how the defendant allegedly held the victim's neck. (See *People v. Romano* (1985), 139 Ill. App. 3d 999, 487 N.E.2d 785.) It is well accepted that an instruction to disregard evidence ordinarily cures error in its admission. (*People v. Johnson* (1973), 11 Ill. App. 3d 745, 297 N.E.2d 683.) Further, the prosecutor's closing comments cannot be said to have constituted a material factor in the conviction. Any error in the closing argument is harmless if it was unlikely that the error affected the jury's determination of guilt. (*People v. Love* (1978), 71 Ill. 2d 74, 373 N.E.2d 1312.) We also note that it is proper for a prosecutor to dwell on the evil results of crime and to urge the fearless administration of the law in closing argument. *People v. Jones* (1982), 108 Ill. App. 3d 880, 439 N.E.2d 1011.

■■■ The defendant next asserts that the court both reversibly erred by denying the deliberating jury's request for a dictionary and committed plain error in failing to inquire as to what definitions the jury sought. We disagree. In *People v. Zeiger* (1981), 100 Ill. App. 3d 515, 426 N.E.2d 1229, the court held that the furnishing of a dictionary was within the sound discretion of the trial court. Further, a trial judge is not required to answer a jury's question when the instructions are sufficient. (*People v. Blair* (1981), 102 Ill. App. 3d 1018, 429 N.E.2d 1375.) The instructions were clear and in common language which the jury could understand. Under the circumstances the trial court properly exercised its discretion in not making inquiry to the jury. See *People v. Charles* (1977), 46 Ill. App. 3d 485, 360 N.E.2d 1214.

■■■ Lastly, the defendant seeks a sentence reduction, arguing that considering the circumstances of the events and the defendant's history and character, the court abused its discretion in imposing a sentence of 10 years.

Voluntary manslaughter is a Class 1 felony for which the range of sentence is between 4 and 15 years. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(4).) Reviewing court decisions have firmly established that the imposition of a sentence is a matter of judicial discretion and that, absent an abuse of this discretion, the sentence of the trial court may not be altered upon review. See *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

■■■ At the sentencing hearing, the defendant's first wife testified concerning incidents of physical abuse directed toward her children by the defendant. She also testified that he once aimed a pistol at her and she fled the home. She expressed that she is afraid of retaliation from the defendant upon his release from prison. Additionally, a search of the defendant's house revealed two loaded weapons inside the house and a loaded .22 caliber rifle in his vehicle. Under a pillow in the defendant's bedroom was a modified "Saturday night special" fully loaded. This .22 caliber revolver had its grips removed and replaced by tape for concealment purposes. Clearly, the record at sentencing supports the trial court's imposition of a 10-year sentence and we affirm the penalty.

For all of the foregoing reasons the judgment of the La Salle County circuit court is affirmed.

Judgment affirmed.

BARRY, P.J., and HEIPLE, J., concur.