THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
REBECCA FARMER, Defendant-Appellant.

Fifth District    No. 5—88—0117

Opinion filed November 18, 1988.—Rehearing denied December 20, 1988.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LEWIS delivered the opinion of the court:

The defendant, Rebecca Farmer, pleaded guilty to arson and was sentenced to probation. Defendant's probation was subsequently revoked and she was sentenced to three years' imprisonment. On appeal, defendant initially contends that she is entitled to a new sentencing hearing because no presentence report was prepared and the parties did not agree to a specific sentence. Defendant lastly contends that she should be given credit against her prison sentence for the time she served on probation since the judge did not expressly deny her that credit.

On February 2, 1987, a criminal information was filed which charged that defendant committed arson on January 31, 1987. On March 17, 1987, defendant pleaded guilty to arson. At the commencement of the proceedings, both parties agreed to waive a presentence investigation. The State was prepared to recommend probation and as incidents of probation that defendant serve 120 days in the county jail and seek mental health treatment, and defendant asked that she not be sentenced to a longer period than she had already served in the county jail. As part of the plea proceedings, the State stated that she was arrested on January 31, 1987. After the court determined that defendant's plea of guilty was knowingly and understandingly entered, the State stated that there had been no plea agreement and recommended that mental health counseling be included in whatever sentence the court determined was fair. Defendant asked to be sentenced to probation and sentenced to 45 days in the county jail as an incident of probation with credit for time served. The court sentenced defendant to two years' probation. As incidents to probation, defendant was ordered to follow a course of treatment prescribed by the Department of Mental Health facility in the area in which she lived and was sentenced to three months in jail with credit for time served.

On March 18, 1987, the court ordered that on March 24, 1987,

the defendant be released to the community counseling service.

On February 4, 1988, the State filed a petition to revoke probation on the basis that (1) defendant failed to report to the probation office as required; (2) she failed to report a change of address as required; (3) she traveled more than 100 miles from her home, without the permission of the court or her probation officer; and (4) she failed to attend mental health counseling as required by the probation order.

On February 16, 1988, the State presented evidence on defendant's alleged probation violations. The proceedings were continued to February 17, 1988, at which time the court found that the State sustained its burden of proof. The court revoked her probation and asked if the parties wanted a presentence investigation. Both parties, however, waived the presentence investigation. Defendant presented her own testimony as evidence in mitigation. The State recommended that defendant be sentenced to a period of imprisonment in the Department of Corrections. Defendant asked that she not be sent to the Department of Corrections. The court had the benefit of a psychological evaluation of defendant which found that she was fit to stand trial and of a United States Federal Bureau of Investigation report which listed 20 convictions for prostitution or related offenses. The court sentenced defendant to three years' imprisonment. The court also stated: "She will be given credit for time served in the county jail on the petition to revoke probation. She will also be given credit for time served prior to and subsequent to the plea for any time served in the county jail."

■■■ Defendant initially contends that her sentence must be vacated because no presentence investigation was prepared as contemplated by the Unified Code of Corrections. (See Ill. Rev. Stat. 1987, ch. 38, pars. 1005—3—1, 1005—3—2.) The presentence investigation and report is a mandatory legislative requirement which cannot be waived except in accordance with the exception in the statute. (*People v. Youngbey* (1980), 82 Ill. 2d 556, 561, 413 N.E.2d 416, 419.) The exception is where both parties agree to the imposition of a specific sentence, providing there is a finding made for the record as to defendant's history of criminality. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—3—1.) In the case at bar, neither at the initial sentencing hearing nor at the sentencing hearing after revocation of probation did the parties fully agree to a specific sentence; therefore, the statutory exception does not apply. A presentence investigation and report was a mandatory prerequisite to the sentencing of defendant; therefore, this cause is remanded to the circuit court of St. Clair County for

such a report and for the resentencing of defendant.

■ Defendant maintains that she could not be sentenced initially on March 17, 1987, because no presentence report was prepared; therefore, defendant's sentence must be vacated and the cause remanded for resentencing as of March 17, 1987. In *People v. Harris* (1985), 105 Ill. 2d 290, 473 N.E.2d 1291, defendant was convicted of burglary. Harris waived a presentence report, and the court gave him the option of being sentenced to either a minimum term of imprisonment or a three-year term of probation. The court warned the defendant, however, that if he violated the terms and conditions of his probation he would be sentenced to prison for five years. Defendant opted to be sentenced to a three-year term of probation. Subsequently, Harris' probation was revoked, and he was sentenced to five years' imprisonment; however, the court did not order a presentence report prior to imposing sentence upon revocation of probation. The supreme court held that the requirement of a presentence report, contained in section 5—3—1, applies to resentencing following probation revocation. (*Harris*, 105 Ill. 2d at 299, 473 N.E.2d at 1295.) Our supreme court reversed the trial court's determination regarding the need for a presentence report and the propriety of defendant's sentence and remanded the cause for resentencing. (*Harris*, 105 Ill. 2d at 304, 473 N.E.2d at 1298.) The court did not remand the case for sentencing as of the date Harris was initially placed on probation. We, therefore, conclude that defendant in the case at bar should not be sentenced as of the date she was initially placed on probation.

■ Defendant contends that she must be given further credit against her prison sentence since the judge did not expressly deny her that credit. At the time defendant committed the arson, January 31, 1987, section 5—6—4(h) of the Unified Code of Corrections read, in part:

> "Time served on probation, conditional discharge or supervision shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(h).)

At the time defendant was resentenced after revocation of probation, February 17, 1988, section 5—6—4(h) had been amended to read:

> "Time served on probation, conditional discharge or supervision shall *not* be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(h).)

Defendant argues that she is entitled to credit for time served on

probation because when she committed the offense section 5—6—4(h) read that she must receive the credit unless the court ordered otherwise. The State counters that section 5—6—4(h) vested no right to sentencing credit for the defendant and that the amendment to the statute was a procedural rather than a substantive change.

This court agrees with the State's position. *Ex post facto* clauses (U.S. Const., art. I, §10, cl. 1; Ill. Const. 1970, art. I, §16) apply only to criminal legislation which operates retrospectively to the disadvantage of the party affected or which alters any substantive right of the accused to his detriment. The pivotal question under *ex post facto* is whether a new statute imposes a greater punishment than that prescribed when the criminal act was committed. (*Harris v. Irving* (1980), 90 Ill. App. 3d 56, 59, 412 N.E.2d 976, 978-79.) In the case at bar, the new statute does not impose a greater punishment than does the previous statute. Under both statutes, whether defendant should be granted credit for time served on probation is discretionary with the trial court. The two statutes differentiate only the manner in which that discretion is exercised. Defendant, therefore, is not automatically entitled to such credit. She is only entitled to such credit if the court specifically grants her such credit. On remand, if defendant is again sentenced to imprisonment, the court will have the opportunity to again exercise its discretion in determining whether defendant should be granted credit for time served on probation.

When section 5—6—4(h) was originally enacted, it provided that time served on probation was required to be credited against any sentence of imprisonment imposed following the revocation of a defendant's probation. However, effective July 1, 1974, section 5—6—4(h) was amended to grant the trial court discretion to deny credit for time served. (See *People v. Saunders* (1978), 65 Ill. App. 3d 340, 341-43, 382 N.E.2d 330, 331.) Defendant relies on *Saunders* and *People v. Demma* (1980), 92 Ill. App. 3d 303, 415 N.E.2d 1244, which are inapposite to the case at bar. In *Saunders*, on March 12, 1975, defendant was sentenced to probation after having been convicted of unlawful possession of a controlled substance which was committed on June 6, 1974. Saunders' probation was subsequently revoked and he was sentenced to a term of not less than one nor more than three years' imprisonment with no credit for time served on probation. The issue on appeal was whether Saunders was entitled to credit for time served on probation against the sentence imposed. The court held that where a crime is committed prior to the effective date of the amendment, a defendant is entitled to the sentencing provision in effect when the crime was committed; therefore, as the statute in ef-

fect at the time Saunders committed unlawful possession of a controlled substance required that he be given credit for time spent on probation, the cause was remanded for a corrected mittimus that reflected credit for time successfully served on probation. *People v. Demma* is inapposite for the same reason that *Saunders* is inapposite—at the time Saunders and Demma committed their offenses, the statute required that they be granted credit for time served on probation; the court had no discretion. In the case at bar, under both statutes, the court had the discretion to grant credit for time served on probation; therefore, Farmer did not have a vested right in such credit as did Saunders and Demma.

*People v. Hollingsworth* (1982), 89 Ill. 2d 466, 433 N.E.2d 682, relied on by defendant, is of little help to her. Hollingsworth was convicted of burglary and placed on probation. His probation was subsequently revoked, and he was sentenced to six years' imprisonment. At sentencing, the judge said Hollingsworth would get credit for time served in custody after his arrest for probation violation, and the mittimus so provided. At all times relevant in *Hollingsworth*, section 5—6—4(h) provided that "[t]ime served on probation *** shall be credited by the court against a sentence of imprisonment *** unless the court orders otherwise." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(h).) On appeal, Hollingsworth argued that because the court did not expressly say anything about time served on probation, he must get credit for that time. The appellate court held that the trial court's statement that defendant would receive credit for time served in custody indicated he meant to deny credit for anything else, including probation time. Our supreme court held that if the court decides to deny credit for probation time, it should say so; the point should not be left to inference or interpretation. If the court does not expressly deny credit, the defendant is entitled to it under section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(h)), which contemplates that credit will usually be given. (*Hollingsworth*, 89 Ill. 2d at 468, 433 N.E.2d at 683.) Since *Hollingsworth* was decided the statute has been amended as previously discussed in this opinion, and it now appears that statute contemplates that credit will usually be denied a probationer except for the time he spent incarcerated. The better policy would be for the trial court to specifically grant or deny credit for time spent on probation. However, under the present statute a court can exercise discretion in denying credit without specifically stating that credit is denied, because if the court decides to grant credit for probation time, it should say so.

■ Defendant lastly contends the court erred in failing to offer defendant an opportunity of a choice of which sentencing law she wanted applied to her case. Defendant relies on *People v. Hollins* (1972), 51 Ill. 2d 68, 280 N.E.2d 710. In *Hollins*, at the time Hollins committed the offense the court was to fix minimum and maximum limits within the statutory limits for the offense. Nineteen days after Hollins committed burglary, an amendment to the statute became effective which set no minimum sentence for burglary but provided that the possible maximum sentence for burglary be life imprisonment. In the case at bar, the range of penal limits did not change, and the amount of possible credit for time served on probation did not change. Defendant, in the case at bar, was not entitled to an election of sentencing laws as the amendment did not lessen or increase her possible or actual punishment. *Hollins*, therefore, is inapposite to the case at bar.

As no issue is raised concerning revocation of probation, the revocation of probation is affirmed.

For the foregoing reasons, the judgment of the circuit court is affirmed in part as no issue is raised concerning revocation of probation; reversed in part as sentencing was conducted without the court having the benefit of a presentence investigation, and the cause is remanded to the circuit court to conduct a new sentencing hearing in conformity with this opinion at which time the court can again exercise its discretion on the issue of credit to be given defendant for time spent on probation for which defendant was not incarcerated.

Affirmed in part; reversed in part and remanded with directions.

WELCH and CALVO, JJ., concur.