THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KERWIN L. SMITH, Defendant-Appellant.

Third District    No. 3—88—0407

Opinion filed April 30, 1990.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Kerwin Smith, was charged by information with retail theft. Prior to trial, the defendant filed a petition to elect to undergo treatment as an addict pursuant to the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1987, ch. 111½, par. 6301 *et seq.* (as amended Ill. Rev. Stat., 1988 Supp., ch. 111½, par. 6354—1 *et seq.*)) (Act). After being placed in the treatment program, the defendant received a bench trial pursuant to section 22 of the Act. (Ill. Rev. Stat. 1987, ch. 111½, par. 6322 (as amended Ill. Rev. Stat. 1987, ch. 111½, par. 6360—2).) Although the defendant was found guilty, entry of judgment was deferred. Subsequently, a petition to revoke the defendant's supervision under section 22 was filed. Following a hearing, the trial court revoked the defendant's supervision, entered judgment on the defendant's conviction for retail theft, and sentenced him to six years in the Department of Corrections.

The defendant appealed, and we vacated his conviction based on the trial court's alleged failure to follow the procedural guidelines set forth in section 22. Thereafter, the State filed a petition for rehearing contending that the trial court did in fact abide by the procedural guidelines set forth in section 22. The State also requested that the record be supplemented with a transcript illustrating the events surrounding the October 8, 1987, morning session at which the trial court admonished the defendant of his right to a jury trial. This transcript was inadvertently omitted from the record as originally filed. In the interest of judicial efficiency, we granted the State's petition for rehearing, withdrew our original decision, and asked the parties to file supplemental briefs on two issues: (1) whether the State should be allowed to supplement the record after the court has made its deci-

sion, and (2) whether the defendant was properly admonished that he waived his right to a jury trial by electing to proceed to a bench trial under section 22.

■ Initially, with respect to supplementing the record, the Supreme Court authorizes this court, under Supreme Court Rule 329, to supplement a record on appeal. (107 Ill. 2d R. 329.) The rule provides:

> "The record on appeal shall be taken as true and correct unless shown to be otherwise and corrected in a manner permitted by this rule. Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court, either before or after the record is transmitted to the reviewing court, or by the reviewing court or a judge thereof." (107 Ill. 2d R. 329.)

Rule 329 has been interpreted broadly. (*People v. Petty* (1987), 160 Ill. App. 3d 207, 513 N.E.2d 486.) Under the circumstances presented herein, contrary to the defendant's assertion that supplementing the record would contravene the principles of finality and judicial economy, we find that the interests of justice require that the State be allowed to supplement the record.

In *People v. Allen* (1985), 109 Ill. 2d 177, 486 N.E.2d 873, our supreme court confronted the issue of when a record could be supplemented on appeal. There, the State argued that a court reporter inaccurately transcribed a jury instruction which later became the basis upon which the appellate court reversed the conviction. The court addressed the defendant's argument, an argument made here as well, that fundamental fairness demands the appeal be decided on the original record. The defendant based his argument on the untimeliness of the State's effort to correct the record on appeal. The court noted:

> "Although we agree that the State should have realized the error sooner through better communication between its trial and appellate divisions, we do not agree that the failure to realize the error sooner should be fatal to its attempts to correct the error. *** Furthermore, fundamental fairness demands that the appeal be decided on the basis of the proceedings as they actually occurred in the trial court." 109 Ill. 2d at 186-87, 486 N.E.2d at 876.

■ In the instant case, the original record does not indicate that a hearing was held both in the morning and afternoon of October 8, 1987. As a consequence, there was little evidence suggesting that the record was incomplete. We note that it was the trial judge who, after reviewing our earlier opinion, discovered the omission from the original record of the transcript for the October 8, 1987, morning session.

The State urges this court to allow the omitted transcript to be placed into the record. We normally frown on the practice of supplementing a record on appeal; however, in the instant case no useful purpose would be served by denying the State's motion to supplement the record. We find that a record may be supplemented on appeal, even after a reviewing court renders its decision, when the interests of justice so require. Therefore, pursuant to Supreme Court Rule 329, we hereby grant the State's motion to supplement the record.

With respect to the issue whether the defendant waived his right to a jury trial, the supplemented record reveals that the defendant was charged with retail theft on March 5, 1987. On July 14, 1987, the defendant filed a petition to elect to undergo treatment as an addict pursuant to the Act. A hearing was held on October 8, 1987, which lasted throughout the morning and was continued into the afternoon. The parties do not dispute that the transcript of the morning session was inadvertently missing from the original record.

At the morning session, defense counsel told the court that the defendant was entitled to a bench trial and that if he was found guilty of the retail theft charges judgment would be deferred pending completion of Treatment Alternatives to Street Crimes (TASC) supervision. After the court explained to the defendant that he was approved for TASC treatment, the following dialogue took place:

"THE COURT: So that—and, you understand, Mr. Smith what we are doing here? We're taking your plea of guilty, and we are going to find you guilty, assuming that the factual basis exists and all the rest of the things are taken care of. But, we don't enter a judgment until we find out whether you can complete your TASC, then we dismiss the charges. If you fail to complete TASC, we bring you back and sentence you. *** If you plead not guilty or persist in your previously entered plea of not guilty, you have the right to be tried by a jury or by this court. But, if you plead guilty, you will not be tried by me. You will not have a trial of any kind; do you understand this?

THE DEFENDANT: Yes, sir."

After the State gave a factual basis for the retail theft charges, the defendant informed the court that he found the State's factual basis to be inaccurate. The court decided to continue the case until the afternoon. Prior to adjournment, however, the following dialogue took place:

"MR. BRADY: Judge, *** I think what the defendant needs to do is decide whether he wants a jury trial or whether he wants TASC treatment. And, I don't know *** the solution for

this problem is for the defendant to decide whether he wants a jury trial or TASC treatment. I will be glad to go over that with him.

THE COURT: Yes, I think Mr. Brady can consult with you; but, you have to make the decision yourself because he will go either way with you.

THE DEFENDANT: Yes, sir."

In the afternoon session, defense counsel advised the court that he had informed the defendant that he had a right to a bench trial in a TASC proceeding under section 22, and counsel stipulated, in the defendant's presence, that it was the latter's desire to proceed to a bench trial. As a result, the case was set for a bench trial.

The defendant's bench trial was held on November 5, 1987. The court found the defendant guilty and placed him on TASC supervision for up to two years. On November 23, 1987, the defendant was accepted for outpatient services at the Touchstone treatment facility in Peoria. On March 8, 1988, the State filed a petition to revoke the defendant's section 22 supervision. The State's petition was based upon a February 1988 TASC report terminating the defendant's treatment at Touchstone due to unexcused absences from scheduled appointments.

On April 21, 1988, the court revoked its order placing the defendant on TASC treatment supervision. A sentencing hearing was held on June 3, 1988. The court sentenced the defendant to a six-year term in the Department of Corrections.

■ The defendant asserts that even with the record supplemented, the trial court did not properly admonish him as to his right to a jury trial. The State contends that the record establishes that the trial court properly admonished the defendant as to his right to a jury trial. After reviewing the record, we find that the defendant had been informed of his right to a jury trial and that he waived said right by electing to proceed to a bench trial under section 22.

Here, the defendant expressed a desire to receive TASC treatment. At the TASC hearing, the defendant questioned the factual basis upon which the State predicated the retail theft charges. As a result, in order to challenge the State's version of the facts and remain within the auspices of the TASC statute, the defendant waived his right to a jury trial and agreed to proceed to a bench trial. Moreover, it is evident from the above colloquy that the defendant's waiver was informed and voluntary. (See *People v. Madej* (1985), 106 Ill. 2d 201, 478 N.E.2d 392.) As explained in detail earlier, the trial court informed the defendant of his right to a jury trial, the fact that if con-

victed under the TASC statute, said conviction would be deferred and eventually dismissed if the defendant successfully completed the TASC program, and that if the defendant failed to complete the TASC program, he would be sentenced on the conviction. In addition, we note that there is no precise catechism required under the sixth amendment to determine whether a jury waiver has been knowingly and intelligently made and each case will be decided on its own facts. (*People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) Accordingly, we hold that the trial court properly admonished the defendant as to his right to a jury trial.

■ The defendant also argued, in the original appeal, that the trial court erred in failing to give credit against his sentence for time spent on supervision in the treatment program. The defendant argues that he is entitled to credit for time served in the treatment program, because when he committed the offense, section 22 read he shall be given credit for "time spent in treatment." (Ill. Rev. Stat. 1985, ch. 111½, par. 6322.) At the time the defendant's supervision was terminated, however, section 22 was amended by Public Act 85—498, section 1, effective January 1, 1988. Prior to amendment, the relevant section provided as follows:

> "Failure of an individual placed on probation and under the supervision of a licensed program designated by the Department to observe the requirements of a licensed program designated by the Department shall be a probation violation. Such failure shall be reported by a licensed program designated by the Department to the probation officer in charge of the individual and treated in accordance with probation regulations." Ill. Rev. Stat. 1985, ch. 111½, par. 6322.

The State argues that because the revocation of the defendant's supervision occurred after section 22 had been amended, the amended statute controls the question of whether the trial court properly denied the defendant sentencing credit for the time he spent in the treatment program. In addition, the State suggests section 22 did not confer upon the defendant any substantive right. Rather, section 22 was a procedural requirement to be followed in the event that supervision was terminated.

Under the amended statute, whether the defendant should be granted credit for time served in the treatment program is discretionary with the trial court. Recently, in *People v. Farmer* (1988), 176 Ill. App. 3d 436, 531 N.E.2d 137, the court was faced with a similar question regarding which statute to apply in crediting or failing to credit a defendant's sentence after a parole violation. There, at the time the

defendant committed the offense, January 31, 1987, section 5—6—4(h) of the Unified Code of Corrections read, in part:

"Time served on probation, conditional discharge or supervision shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(h).)

At the time the defendant was resentenced after revocation of probation, February 17, 1988, section 5—6—4(h) had been amended to read:

"Time served on probation, conditional discharge or supervision shall not be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(h).)

The defendant there, as here, argued that she was entitled to have her sentence credited for time served on probation, for when she committed the offense the statute read that she must receive credit unless the court ordered otherwise. The court disagreed. The court held a defendant's entitlement to any sentencing credit for time spent on probation, conditional discharge or supervision would be controlled by the statute in effect at the time of sentencing for the revocation as opposed to the statute in effect at the time the defendant was originally placed on probation, conditional discharge or supervision. *People v. Farmer* (1988), 176 Ill. App. 3d 436, 531 N.E.2d 137.

Here, similarly, the defendant's entitlement to any sentencing credit is controlled by the amended provision in effect when the defendant was actually sentenced for the offense of retail theft. The trial court sentenced the defendant following the termination of his treatment supervision status. The defendant, therefore, is not automatically entitled to credit. He is only entitled to credit if the court grants him such credit. Under the amended statute, it is the trial court's decision to grant or deny the defendant credit for time spent in the treatment program. Accordingly, the trial court's failure to credit the defendant for the time he was enrolled in the treatment program was not an abuse of discretion.

For these reasons, we affirm the judgment of the circuit court of Peoria County.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.