**UNITED STATES ex rel. Dennis EMERSON, Petitioner,**

v.

**Richard GRAMLEY, Warden, Pontiac Correctional Center, Respondent.**

No. 93 C 4650.

United States District Court, N.D. Illinois, Eastern Division.

July 25, 1995.

Prentice Henry Marshall, Jr., Linton Jeffries Childs, Sidley & Austin, Chicago, IL, for Dennis Emerson.

Terence Madsen, Michael Marc Glick, Illinois Attorney General's Office, Chicago, IL, Margaret Mary Regan, Special Assistant States Attorney, Chicago, IL, for Warden, Pontiac Correctional Center.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge.

Petitioner Dennis Emerson raises four arguments in support of his motion to alter or amend our prior opinion of March 30, 1995, wherein we granted in part and denied in part his petition for a writ of habeas corpus. First, he contends that we incorrectly found several of his claims to be procedurally defaulted. Second, Emerson disagrees with our conclusion that Sammons's preparation for trial did not constitute deficient performance under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Third, petitioner argues that he should have received an evidentiary hearing. Fourth, he asserts that trial counsel's closing argument should be considered deficient under *Strickland.* For the reasons set forth below, petitioner's motion is denied.[1]

1. As a detailed discussion of the facts is included in our March 30, 1995 opinion, *see United States* *ex rel. Emerson v. Gramley,* 883 F.Supp. 225,

## I. Rule 59(e) Standard

Emerson moves under Fed. R.Civ.P. 59(e) to alter or amend our prior opinion, which was entered on April 3, 1995. The instant motion was served on April 14, 1995, and thus falls within the ten day window set out by Rule 59(e). *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir.1995). A motion brought under Rule 59(e) may raise "newly discovered evidence or a manifest error of law or fact" as grounds for altering or amending a prior judgment. *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). However, "this court will not entertain a motion for reconsideration that merely reiterates arguments previously raised." *United States ex rel. Lynch v. Sandahl*, 793 F.Supp. 787, 796 (N.D.Ill.1992); *see also Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988) ("[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.").

## II. Discussion

### A. Procedural Default

In our prior opinion we found that Emerson had defaulted four of his claims of ineffective assistance of trial counsel because he either failed to raise them on direct appeal, or failed to present them in his post-conviction petition before the Illinois state courts. 883 F.Supp. at 233–34. Emerson contends that we incorrectly found default with regard to three of these issues: (1) his trial counsel's failure to make an opening statement, (2) counsel's his failure to effectively cross-examine the state's main witness, Robert Ray, about bias and motive to lie, and (3) counsel's failure to call Emerson to testify. Emerson does not contend that these issues were actually raised on direct appeal. Rather, he argues that the Illinois courts did not find them defaulted, or that they could not have found them defaulted, and therefore we should have considered their merits.

We first address petitioner's contention that the Illinois Supreme Court did not find these claims procedurally barred on the appeal of his post-conviction petition. *See People v. Emerson*, 153 Ill.2d 100, 180 Ill.Dec. 46, 48–49, 606 N.E.2d 1123, 1125–26 (1992). Emerson argues that the Illinois Supreme Court relied solely on the doctrine of *res judicata* in dismissing his post-conviction petition, and not on the doctrine of waiver. We disagree. In its opinion, the Illinois Supreme Court articulated the standard for determining when issues are precluded from review in a post-conviction petition:

> Rulings on issues that were previously raised at trial and on direct appeal are *res judicata,* and issues that could have been raised in the original proceedings, but were not, will be deemed waived.

*Id.* 180 Ill.Dec. at 48, 606 N.E.2d at 1125 (quoting *People v. Ruiz,* 132 Ill.2d 1, 138 Ill.Dec. 201, 204, 547 N.E.2d 170, 173 (Ill. 1989), *cert. denied,* 496 U.S. 931, 110 S.Ct. 2632, 110 L.Ed.2d 652 (1990)). Although the lower court held that all of petitioner's claims had previously been raised and rejected, Emerson contended before the Illinois Supreme Court that he was raising additional claims, distinguishable from those raised on direct appeal. *Id.* 180 Ill.Dec. at 49, 606 N.E.2d at 1126. In rejecting his appeal, the court stated:

> [W]hile his ineffectiveness claim does vary, it does so only in that it points out a few additional factors supporting his claim *which could have been raised on direct appeal,* and he has simply changed the phraseology of some other arguments, which were raised on direct appeal.... Because this court previously addressed defendant's claim of ineffective assistance of counsel on direct review of his case, the subsequent addition of different allegations of incompetence does not allow the relitigation of this issue on defendant's petition for post-conviction relief.

*Id.* (emphasis added). The court concluded "that all of the issues raised by defendant in his petition were previously raised during his direct appeal, or, alternatively, could have been raised.... [B]ecause we find that the defendant did not present any claim which was not barred by the doctrine of *res judicata* or waiver, we hold that the trial court's

229–233 (N.D.Ill.1995), we need not rehash that information anew.

decision was not erroneous." *Id.* 180 Ill.Dec. at 50, 606 N.E.2d at 1127 (citation omitted). Clearly, the state court refused to address the merits of the claims that Emerson raised for the first time in his post-conviction petition because of a procedural bar. Emerson's argument to the contrary is completely at odds with the language and reasoning of the Illinois Supreme Court's opinion.

■ Emerson next argues that, even if the state court found these claims defaulted, such a ruling was contrary to state law with regard to two of his claims of ineffectiveness: Sammons's failure to conduct an effective cross-examination of Ray, and his refusal to call Emerson to testify on his own behalf. Petitioner argues that these claims could not have been brought on direct review because (1) they involve trial counsel's omissions and (2) they require an investigation of facts outside the record. Thus, Emerson contends, because these issues were properly raised for the first time in his state post-conviction petition, we should have ruled on their merits.

■ As discussed above, the general rule in Illinois is that a petitioner's failure to raise a claim on direct appeal results in a bar to consideration of the claim in a post-conviction proceeding. *See People v. Erickson,* 161 Ill.2d 82, 204 Ill.Dec. 231, 234, 641 N.E.2d 455, 458 (1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1956, 131 L.Ed.2d 849 (1995). However, where consideration of the claim would require reference to matters outside the record, this procedural bar may be relaxed. *Id.; People v. Thomas,* 164 Ill.2d 410, 207 Ill.Dec. 490, 495, 647 N.E.2d 983, 988 (1995) (ineffective assistance claim based on counsel's failure to recognize racial implications of case not barred in post-conviction petition because counsel only admitted ignorance in a deposition that "could not have been obtained or included in the trial record

for defendant's direct appeal").[2] However, the bar will not be relaxed if the claims were apparent from materials that were contained in the trial record, *see Erickson,* 204 Ill.Dec. at 235, 641 N.E.2d at 459 (claim that expert witness presented false credentials was not cognizable on post-conviction review because falsity of qualifications was apparent from cross-examination at trial), or from materials that could have been placed in the record. *See People v. Jones,* 109 Ill.2d 19, 92 Ill.Dec. 552, 553–54, 485 N.E.2d 363, 364–65 (1985), *cert. denied,* 475 U.S. 1090, 106 S.Ct. 1481, 89 L.Ed.2d 735 (1986). For example, in *Jones* the Illinois Supreme Court held that a defendant was barred from raising a claim of ineffectiveness at sentencing because the information needed to assess the claim was contained in psychological reports that were on file with the circuit court at the time of the direct appeal. *Id.* 92 Ill.Dec. at 554, 485 N.E.2d at 365. Although these files were not part of the appellate court record, "every ground for ineffectiveness that defendant ha[d] properly raised was apparent from the original appellate record *or could have been supplemented to that record* under [Illinois Supreme Court] Rule 329." *Id.* (emphasis added). Because this information was available to the defendant at the time of the direct appeal and could have been added to the record, the court refused to consider the merits of the claim. *Id.*

Under these principles we conclude that Emerson's claims could have been brought on direct appeal. Emerson contends that Sammons should have more vigorously cross-examined Ray regarding a possible motive to lie, and points to Ray's cross-examination at the first trial for support of this claim. However, this line of questioning was apparent from the transcript of the first trial, and thus was apparent to petitioner at the time of his direct appeal. The transcript of the first trial was in the trial court record, and was

---

**2.** Petitioner contends that a claim based on an omission by counsel can never be raised on direct appeal. This is clearly incorrect. *See People v. Mitchell,* 163 Ill.App.3d 1007, 115 Ill.Dec. 55, 57, 517 N.E.2d 20, 22 (1987) (claim based on counsel's failure to challenge State's use of peremptory challenges was waived by not being raised on direct appeal). To be sure, there are some statements in Illinois case law to the effect

that a procedural bar may be relaxed simply because a defendant seeks to challenge his attorney's failure to act. *See, e.g., Erickson,* 204 Ill. Dec. at 234, 641 N.E.2d at 458. However, these cases are better understood as discussing challenges that could not be discovered or evaluated without reference to matters outside the trial record, and therefore could not have been brought on direct appeal.

available to Emerson and his appellate counsel. *Cf. Thomas,* 207 Ill.Dec. at 495, 647 N.E.2d at 988 (procedural bar not found because evidence of counsel's ineffectiveness could not have been discovered or added to record at time of direct appeal). Although not part of the record on direct appeal of his second conviction, it appears as if this transcript could have been added to the appellate court record. *See* Ill.S.Ct.R. 329 ("If the record is insufficient to present fully and fairly the questions involved, the requisite portions may be supplied at the cost of the appellant."); *see Jones,* 92 Ill.Dec. 552, 553–54, 485 N.E.2d 363, 364–65; *cf. People v. Smith,* 197 Ill.App.3d 88, 143 Ill.Dec. 795, 796–97, 554 N.E.2d 730, 731–32 (permitting state to supplement record to show missing entry on docket), *app. denied,* 133 Ill.2d 568, 149 Ill.Dec. 333, 561 N.E.2d 703 (Ill.1990); *People v. Reese,* 121 Ill.App.3d 977, 77 Ill. Dec. 390, 394, 460 N.E.2d 446, 450 (1984) (public defender could have supplemented record on appeal with transcript of co-defendant's separate jury trial, and thus the failure to do so precluded consideration of the transcript on appeal) Accordingly, as petitioner was alerted to this claim at the time of his appeal, and we find no reason justifying his failure to supplement the appellate record with the transcript of the first trial, this claim was procedurally defaulted.

So too with the claim that Emerson was not called to testify. Petitioner again points to the transcript of his first trial, but as discussed above, the appellate record could have been supplemented with this document. Moreover, at several points during his trial Emerson stated that he would not participate in the case or tell his side of the story. 883 F.Supp. at 230–31 & nn. 4–5. Emerson's knowledge of the testimony he would have given had he taken the stand, along with his

refusal to participate in the proceedings, militates against any relaxation of the procedural bar. *See People v. Silagy,* 116 Ill.2d 357, 107 Ill.Dec. 677, 682, 507 N.E.2d 830, 835 (Ill.) (rejecting argument that claim of ineffectiveness could not have been raised on direct appeal, since possible mitigation evidence was known at trial but defendant refused to allow counsel to present it), *cert. denied,* 484 U.S. 873, 108 S.Ct. 212, 98 L.Ed.2d 163 (1987). Accordingly, as this claim could have been raised on direct appeal, it was properly held to be deemed defaulted.[3]

### B. Sammons's Pretrial Preparation

■ Emerson next attacks our conclusion that his trial counsel provided him with sufficient representation to satisfy the standards of *Strickland v. Washington,* 466 U.S. 668, 685, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). Petitioner contends that Sammons could not have rationally decided to forgo an alibi defense without interviewing the potential witnesses, and therefore his decision to present a different defense was not objectively reasonable. However, as discussed in our prior opinion, 883 F.Supp. at 236–239, Sammons's decision to forgo interviewing possible alibi witnesses was not unreasonable. Emerson only points to his mother and ex-wife as potential sources of alibi testimony, but as interested witnesses they would not have provided persuasive evidence of an alibi. Moreover, their testimony would not have precluded the possibility that Emerson attacked the two victims, since they could not account for Emerson's whereabouts during the time of the robbery. *Id.* at 238 n. 17. In sum, this problematic testimony from the defendant's two interested family members would not have been a strong peg on which to hang an alibi defense. *Cf. Sullivan v. Fairman,* 819 F.2d 1382, 1391–92 (7th Cir.

**3.** Petitioner also argues that he is not precluded from raising additional instances of ineffective assistance in his habeas petition, notwithstanding the fact that he did not include them in his state court submissions. Not so. In order to avoid a procedural default and exhaust state remedies, a petitioner is required to present to the state courts both the legal theory behind his claim as well as the factual basis to support it. *See Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971). This obligation

"is not satisfied if a petitioner presents new legal theories or new factual allegations in federal court which cast her claim in a significantly different light." *Cruz v. Warden of Dwight Correctional Center,* 907 F.2d 665, 669 (7th Cir. 1990); *Caballero v. Keane,* 42 F.3d 738, 741 (2d Cir.1994). The additional allegations Emerson wishes us to consider place his claim in "a significantly different light," and consequently they be raised for the first time in his § 2254 petition.

1987) (finding counsel inadequate for failing to investigate several disinterested witnesses when only other defense was based solely on a relative's marginal testimony).

Contrary to petitioner's implicit assertion, the Sixth Amendment does not mandate that "defense counsel must track every lead or must personally investigate every evidentiary possibility before choosing a defense and developing it." *Id.* at 1392. Under the facts of this case, counsel reasonably decided not to pursue a problematic theory of defense, and instead sought to discredit the state's main witness. Such a decision does not amount to constitutional error, and therefore our denial of this claim was proper.[4]

### C. Request for an Evidentiary Hearing

■ Petitioner next argues that we incorrectly denied a portion of his petition without conducting an evidentiary hearing. Emerson contends that a genuine factual dispute exists as to whether Sammons's actually had the "theory of the case" proffered by the respondent. He points to several ways in which he believes Sammons did not prepare the case consistent with this theory, and asserts that because resolution of this issue will turn largely on Sammons's credibility, a hearing must be held.

■ Federal district courts are required to hold an evidentiary hearing if a habeas corpus petitioner can show cause for his failure to develop the necessary facts in the state court record, and actual prejudice resulting from the omission of these facts from the record. *Keeney v. Tamayo–Reyes,* 504 U.S. 1, 11–12, 112 S.Ct. 1715, 1721, 118 L.Ed.2d 318 (1992); *Resnover v. Pearson,* 965 F.2d 1453, 1456 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2935, 124 L.Ed.2d 685 (1993).[5] We need not delve into this cause-and-prejudice analysis, however, when "the facts essential to consideration of

the constitutional issues are already before the court." *Matta–Ballesteros v. Henman,* 896 F.2d 255, 258 (7th Cir.1990) (quotation omitted), *cert. denied,* 498 U.S. 878, 111 S.Ct. 209, 112 L.Ed.2d 169 (1990). As stated in our prior opinion, Sammons's state of mind is of no import to the question of whether he performed in a constitutionally adequate manner. 883 F.Supp. at 242 n. 21. Rather, because we found his performance to be objectively reasonable in light of the evidence against his client, the existence of a prior trial transcript, and the weaknesses of petitioner's proffered alibi defense, we need not determine whether Sammons's actually had the exact thought processes that respondent asserts he did. All that must be ascertained is whether counsel "require[d] the prosecutions's case to survive the crucible of meaningful adversarial testing." *United States v. Cronic,* 466 U.S. 648, 656, 104 S.Ct. 2039, 2045, 80 L.Ed.2d 657 (1984). We can answer that question by looking at Sammons's performance, and having answered it in the affirmative we properly denied Emerson's request for an evidentiary hearing.[6]

### D. Sammons's Closing Argument

■ Finally, Emerson reargues that his trial counsel conceded his client's guilt before the jury in closing argument. We dismissed this claim in our prior opinion, reasoning that counsel had reasonably sought to limit Emerson's exposure to the death penalty by highlighting the lack of evidence against Emerson on the armed robbery count, as contrasted with the evidence against him on the murder count. 883 F.Supp. at 240. Petitioner challenges our reliance on *Underwood v. Clark,* 939 F.2d 473, 474 (7th Cir.1991), pointing out that the attorney in *Underwood* argued that there was a lack of evidence on the greater count, whereas Sammons argued that there was insufficient evidence on the

---

4. Moreover, petitioner does not demonstrate how the failure to investigate and present an alibi defense prejudiced him. *See* 883 F.Supp. at 237.

5. The only exception to this rule is that an evidentiary hearing must be held if the petitioner can demonstrate that a fundamental miscarriage of justice will occur without one. *Keeney,* 504 U.S. at 11–12, 112 S.Ct. at 1721.

6. Additionally, we note that "due to the lapse of time since the trial, and the attendant failure of memories, an evidentiary hearing would provide little assistance in resolving the issues raised by petitioner." 883 F.Supp. at 242 n. 21.

lesser charge of armed robbery. However, we recognized this distinction in our prior ruling. Nonetheless, we found the reasoning of *Underwood* applicable to the instant case because, regardless of which charge was "greater," Sammons made his remarks in an attempt to avoid the harshest potential sentence for his client. 883 F.Supp. at 240 n. 20. Emerson has not provided us with any additional arguments as to why this holding was incorrect, and we decline to revisit it here.[7] Accordingly, petitioner's motion to amend this portion of our judgment is denied.

### III. Conclusion

For the reasons set forth above, petitioner's motion to alter or amend our judgment is denied. It is so ordered.

---

7. Further, Emerson's claim must fail because he has failed to demonstrate any actual prejudice resulting from the closing argument given by Sammons. *Id.* at 240–41.