THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LUTHER WILFORD, Defendant-Appellant.

First District (5th Division)   No. 76-852

Opinion filed November 10, 1977.

James J. Doherty, Public Defender, of Chicago (John Ryan and Gail Moreland, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, James B. Davidson, and Patrick J. Jennings, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from the revocation of his probation contending: (1) the court failed to credit him with time spent on probation and in custody, and (2) his sentence exceeds the maximum allowed by law.

On May 12, 1971, defendant pleaded guilty to burglary and possession of burglary tools (Ill. Rev. Stat. 1969, ch. 38, pars. 19—1, 19—2) and was placed on five years probation. On November 9, 1973, a warrant was issued for his arrest on suspicion of armed robbery. (Ill. Rev. Stat. 1973, ch. 38, par. 18—2.) He was arrested on March 26, 1974, and following a hearing on July 15, 1975, the court revoked his probation. Prior to sentencing on August 24, 1975, the court asked defendant if he wished to be sentenced under the new Unified Code of Corrections. (Ill. Rev. Stat. 1975, ch. 38, par. 1001—1—1 *et seq.*) His counsel responded, "Correct, your Honor, the new code which makes possession of burglary tools a class two felony—I am sorry, burglary a class two felony." Thereafter, the court sentenced defendant to a term of 6 to 20 years for burglary and one to five years for possession of burglary tools. The sentences are to run concurrently.

■■ Defendant contends and the State agrees that the court erred when it failed to credit defendant with the time he had spent on probation. As originally enacted section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)) provided mandatory credit for time spent on probation. However, on July 1, 1974, the legislature amended section 5—6—4(h), making credit for time spent on probation discretionary with the trial court. Although defendant here was sentenced after the statute had been amended (*People v. Meyer* (1976), 43 Ill. App. 3d 109, 112, 356 N.E.2d 1303, 1306) held that he is entitled to the benefits of the more favorable statute.

■■ Although defendant and the State agree that defendant should be credited with time spent on probation, they nonetheless disagree on the amount of this credit. However, because they agree that defendant's credit is computed from the date he was placed on probation (May 12, 1971) until the date a warrant was issued for his arrest (November 9, 1973)

(*People v. Clark* (1975) 30 Ill. App. 3d 338, 332 N.E.2d 638 (abstract)), the dispute appears to be one of arithmetic. While defendant computes this interval as two years six months and eight days, we disagree and instead concur with the State's computation of two years five months and 28 days.

Defendant and the State also agree that defendant should be credited with the time spent in custody awaiting his sentencing for violation of probation, which we compute as one year, five months and 28 days (March 26, 1974, to August 24, 1975). Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—7(c); *People v. Decker* (1973), 15 Ill. App. 3d 230, 304 N.E.2d 99.

Defendant also contends that his sentence of one to five years for possession of burglary tools exceeds the maximum allowed by law. After defendant committed this crime, but before he was sentenced following the revocation of his probation, the legislature increased the maximum penalty for possession of burglary tools from two to three years. (Ill. Rev. Stat. 1975, ch. 38, pars. 19—2, 1005—8—1(b).) He argues that where the penalty has been changed between the time defendant committed the offense and the time of his sentencing section 8—2—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1008—2—4) requires that he be given the more lenient sentence.

Initially, we note that although the court sentenced him on August 24, 1975, to one to five years for possession of burglary tools, it properly modified his sentence on September 11, 1975, to one to three years. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(d).) Accordingly, the reduced sentence of one to three years is the subject of this contention.

■■ As stated in *People v. Speller* (1977), 46 Ill. App. 3d 208, 360 N.E.2d 1155, 1158, a more accurate interpretation of section 8—2—4 is that "defendant must be given an *opportunity to elect* whether he wishes to be sentenced under the law in effect at the time the offense was committed or under the law in effect at the time of sentencing. [Citations.]" (Emphasis added.) Here, defendant through his defense counsel requested that the court sentence him under the new code. He does not argue in his brief that he was not informed of the consequences of his choice. Nor does he assert that he had any objection to the election voiced by his attorney at the time of his sentencing. The Unified Code of Corrections does not bar the specific election of defendant to be sentenced under the Code even if the prior law upon which the prosecution was commenced provided for a less severe penalty. (*People v. Jackson* (1975), 26 Ill. App. 3d 825, 329 N.E.2d 411 (abstract).) Moreover, the election was beneficial to him. The Unified Code of Corrections provides a 20-year maximum sentence for burglary. (Ill. Rev. Stat. 1975, ch. 38, pars. 19—1, 1005—8—1(b).) The statute in effect when defendant committed this offense provided for an indeterminate

maximum sentence. (Ill. Rev. Stat. 1969, ch. 38, par. 19—1.) Consequently, defendant's election to be sentenced under the new code restricted the maximum penalty he could receive to 20 years.

For the foregoing reasons defendant's concurrent sentences of 6 to 20 years for burglary and 1 to 3 years for possession of burglary tools are affirmed. The cause is remanded to the trial court with directions to issue an amended mittimus to reflect the credit of 4 years and 6 days for the time spent on probation and in custody awaiting sentencing.

Affirmed with directions.

SULLIVAN, P. J., and MEJDA, J., concur.