THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DUANE F. KAUFFMAN, Defendant-Appellant.

Fourth District No. 4—88—0130

Opinion filed August 4, 1988.

James D. Lee, of Lee & Lee, Ltd., of Tuscola, for appellant.

Paul Lee Stone, State's Attorney, of Sullivan (Kenneth R. Boyle, Robert J. Biderman, and Michael K. Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant pleaded guilty on October 16, 1986, to driving with a revoked license in violation of section 6—303 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303). Defendant's license had been revoked following a conviction for driving under the influence of alcohol (see Ill. Rev. Stat. 1983, ch. 95½, par. 11—501), and he had a subsequent conviction for driving with a revoked license in 1985. Defendant's 1986 offense was, therefore, a Class 4 felony. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303(d).) The circuit court of Moultrie County sentenced defendant to a term of 15 months' probation, and he was ordered to serve 42 days in the county jail and pay a $200 fine plus court costs. In December 1987, defendant admitted to the allegations contained in a petition to revoke probation. The court revoked defendant's probation and sentenced defendant to a two-year term of imprisonment.

Defendant appeals his sentence. He contends (1) the two-year sentence of imprisonment is excessive; (2) the penalty provided in section 6—303(d) of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303(d)) is disproportionate to the offense of driving with a revoked license and is, therefore, unconstitutional; and (3) the two-year sentence must in-

clude a credit for time served while defendant was on probation.

Initially, defendant argues that his sentence is excessive in light of his circumstances. Defendant's record was introduced, and it shows defendant has repeatedly violated the provisions of the Code. In 1984, defendant was convicted for illegal transportation of alcohol (Ill. Rev. Stat. 1983, ch. 95½, par. 11—502) and for driving under the influence of alcohol (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501). Following the second offense, defendant's license was revoked. In 1985, defendant was convicted for driving with a revoked license (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303). The instant offense of driving with a revoked license occurred in 1986. Defendant was placed on probation for this offense. Again, in 1987, defendant was arrested for driving with a revoked license. He admitted committing the offense in the hearing on the petition to revoke probation.

Defendant had several witnesses testify in his behalf. Four witnesses testified that he was a good employee. Defendant never caused any problems while at work. Defendant was 22 years old at the time of the hearing. He argues that the offenses he committed were not such as to make him a threat to the public. In addition, his age and general character are mitigating factors which he believes the court should have weighed more heavily than it did. Rather, the court looked primarily at the repetitious nature of defendant's actions. The court revoked defendant's probation and sentenced him to a two-year term of imprisonment. The sentence imposed was within the statutory limits. Ill. Rev. Stat. 1985, ch. 95½, par. 6—303(d); Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(7).

When a defendant is admitted to probation and that probation is revoked, the trial court may sentence the defendant to any sentence that would have been appropriate for the original offense. (*People v. Young* (1985), 138 Ill. App. 3d 130, 134-35, 485 N.E.2d 443, 445.) The imposition of sentence is a matter of judicial discretion, and, absent an abuse of discretion, the sentence of the trial court will not be altered on review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.) We find the sentence of a term of imprisonment is not an abuse of discretion. Defendant's record showed an ongoing disrespect for the law. Each previous offense resulted in a term of probation and a fine. Twice defendant had been ordered to serve a period of time in the county jail. None of these punishments seemed to impress on him the importance of obeying the law. Based on defendant's record, the trial court could justifiably sentence defendant to two years' imprisonment in the Department of Corrections.

Defendant's second contention is that the penalty provided in

section 6—303(d) of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303(d)) is disproportionate to the offense of driving with a revoked license, and, for that reason, is unconstitutional. Section 6—303(d) elevates a second conviction for driving with a revoked license to a Class 4 felony if the original revocation was for certain alcohol-related offenses. Defendant raises this argument for the first time on appeal, and we find the argument is waived. Challenging the constitutionality of a statute is not properly done for the first time on appeal. Rather, the constitutionality of a statute must be first presented to and ruled on by the trial court. *People v. Amerman* (1971), 50 Ill. 2d 196, 197, 279 N.E.2d 353, 354.

■ Finally, defendant argues that he must be given credit against the two-year period of incarceration for the time he served on probation. Defendant states the trial court did not discuss his probation period at the sentencing hearing, and, therefore, under section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(h)), the probation period must be credited against the time he must serve in prison. The State agrees with defendant's statutory interpretation, but argues the trial court did make comments which implied defendant should not receive credit for probation time.

A review of the record shows the trial court made no remarks regarding the period defendant was on probation. Therefore, had defendant been sentenced prior to 1988, we would be required to find for defendant. However, defendant was sentenced on January 25, 1988. Effective January 1, 1988, section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(h)) now provides, in pertinent part:

> "Time served on probation, conditional discharge or supervision shall *not* be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." (Emphasis added.)

This statute affects sentencing procedures and is effective for all sentences imposed after December 31, 1987, regardless of the date of conviction. It is procedural and not substantive in nature. The trial court's failure to comment about defendant's probation means defendant will not receive credit for that time.

For the reasons stated, the order of the circuit court of Moultrie County is affirmed.

Affirmed.

GREEN, P.J., and McCULLOUGH, J., concur.