THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL BACON, Defendant-Appellant.

Fourth District   No. 4—91—0535

Opinion filed February 6, 1992.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

John Turner, State's Attorney, of Lincoln (Kenneth R. Boyle, Robert J. Biderman, and Monroe C. McWard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

The trial court revoked defendant's probation, sentenced him to five years in prison, and did not award him any credit against that sentence for time he spent on probation. Defendant appeals the failure of the court to award such credit.

We affirm.

I. FACTS

In July 1988, defendant, Michael Bacon, pleaded guilty to unlaw-

ful delivery of a controlled substance, specifically more than 1 gram but less than 15 grams of a substance containing cocaine (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2)). This offense is a Class 1, probationable felony. (See Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3; ch. 56½, par. 1401(b).) On July 12, 1988, the court sentenced defendant to three years of probation subject to certain conditions, including that he pay court costs and a fine totalling $3,860.50, serve 24 weekends of periodic imprisonment, and not violate any criminal statute of any jurisdiction.

On June 3, 1991, the State filed a petition to revoke defendant's probation. The petition alleged that defendant violated a condition of his probation by again committing the offense of unlawful delivery of more than 1 gram but not more than 15 grams of a substance containing cocaine (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2)). In June 1991, the trial court conducted a hearing on the State's petition and found that the State had proved the allegations therein by a preponderance of the evidence. In July 1991, the court conducted a sentencing hearing, revoked defendant's probation, and sentenced him to five years in prison, with credit on that sentence for 166 days previously served.

On appeal, defendant's sole argument is that the trial court abused its discretion by not granting him credit against his prison sentence for the period from the date he was sentenced to probation (July 12, 1988) to the date he committed the offense that led to the revocation of his probation (March 31, 1990).

Defendant argues that the trial court had discretion under section 5—6—4(h) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(h)) to award him credit for time he served on probation against his five-year prison sentence. Defendant claims that the trial court's failure to grant such credit amounted to an abuse of its discretion. We disagree.

## II. Waiver

■ We first observe that the issue defendant raises on appeal was never presented to the trial court when it revoked his probation and sentenced him to prison. Thus, defendant is asking us to conclude that the trial court abused its discretion by failing to grant him relief that he never requested. We decline to do so and hold that defendant's failure to raise this issue in the trial court waives it on appeal. We are convinced that an orderly criminal justice system requires no less.

That the trial court failed to address the provisions of section 5—6—4(h) of the Code at the sentencing hearing could hardly come as a surprise to defendant and his counsel, who were both present. By failing to request at that time that the trial court exercise its discretion in a manner that would benefit him, defendant stands before this court in a worse position than a defendant who challenges on appeal some alleged impropriety committed by the trial court at the sentencing hearing but to which no objection was made at the time. At least in these latter cases, the defendant's sole failure is the absence of an *objection*, as opposed to the present case in which we have the absence of a *request*. Accordingly, we conclude that the holdings of *People v. Felella* (1989), 131 Ill. 2d 525, 540, 546 N.E.2d 492, 498 (defendant's failure to object to allegedly improper evidence presented by State at sentencing hearing waives that issue on appeal), and *People v. Montague* (1986), 149 Ill. App. 3d 332, 346-47, 500 N.E.2d 592, 601 (defendant's failure to object to sentence or procedure during which it was imposed will constitute waiver), fully apply to the present case.

### III. THE MERITS

If we were to reach the merits, the result would be no better for defendant. In support of his position that the trial court abused its discretion at sentencing, defendant argues the following to this court:

> "[Defendant] made a mistake of judgment. However it cannot be ignored that for over a year and a half [defendant] did not violate any criminal laws of the State of Illinois while he was on probation. *** Under the facts of this case, the trial court abused its discretion *by ignoring the strides that [defendant] had made* since he had gone through drug treatment, and ignoring the fact that he was gainfully employed and an active supporter of his community and his family ***.
>
> * * *
>
> [Defendant] *generally* complied with the conditions of probation from July 12, 1988[,] when he [was] sentenced to a term of probation until March 31, 1990, the date of the alleged probation violation. [Defendant] is entitled to be given sentence credit for part of his probationary period." (Emphasis added.)

We emphatically disagree with all of these arguments. The trial court was fully justified in expecting and requiring this convicted felon to adhere *totally* to *all* conditions of his probation or to suffer the consequences. Defendant's claim that he is entitled to leniency because he had "generally complied" with those conditions, or that he

had "made strides" towards compliance is utterly without merit. When it comes to complying with probationary conditions, "close" and "almost" are not good enough.

A sentence of probation is a matter of judicial grace, a chance for a convicted criminal to serve a sentence for his felonious behavior without going to prison. For probationary sentences to be meaningful, trial courts can *and should* require strict adherence to *all* probationary conditions. To do less would diminish the importance and significance of probation, reduce the likelihood that both probationers and society in general will view probation as a deterrence, and diminish generally respect for the law and the authority of the courts.

Furthermore, we note that the offense the trial court found defendant to have committed, which resulted in the revocation of his probation, was the same offense—unlawful delivery of cocaine—for which the trial court originally placed defendant on probation. Because that fact reveals most acutely how little impact defendant's sentence of probation had on his subsequent behavior, that fact serves as an aggravating factor that the trial court may properly consider (as it reevaluates a defendant's rehabilitative potential) when imposing sentence following revocation of probation.

Defendant was originally convicted of a Class 1 felony for which the trial court could impose a penitentiary sentence of not less than 4 years and not more than 15 years. (See Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(4).) After the trial court revoked defendant's probation, it sentenced him to five years in prison, merely *one* year over the minimum prison sentence. Under these circumstances, defendant has no basis for arguing that the trial court abused its discretion by failing to give him credit for time served on probation. See *People v. Bogan* (1989), 185 Ill. App. 3d 129, 135, 540 N.E.2d 1135, 1139.

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

McCULLOUGH and LUND, JJ., concur.